IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TALBOT TODD SMITH | CIVIL ACTION |
|---|---|
| v. | NO. 13-5101 |
| UNILIFE CORPORATION, et al. | |

MEMORANDUM

Baylson, J.                                                                                                February 4, 2014

      Plaintiff filed an amended complaint more than 21 days after Defendants filed an answer and a motion to dismiss without seeking agreement from opposing counsel or leave of this Court.

I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

      Plaintiff filed his initial complaint on August 30, 2013 against his former employer, Unilife Corporation, the operating division of Unilife Corporation, Unilife Medical Solutions, Inc., the Chief Executive Officer of Unilife, Alan Shortall, and the Chief Operating Officer of Unilife, Ramin Mojdeh.  On November 8, 2013 the corporate defendants, Unilife Corporation and Unilife Medical Solutions, Inc., filed a motion to dismiss Count III of the Complaint. (ECF No. 3). Also on November 8, 2013,  the individual defendants Alan Shortall and Ramin Mojeh filed their Answer to the Complaint. (ECF No. 4).  Plaintiff filed a Notice of Dismissal of Count III under Rule 41(a) on November 20, 2013. (ECF No. 10). Defendants Unilife Corporation and Unilife Medical Solutions, Inc. then filed their Answer to the Complaint on January 14, 2014. (ECF No. 13).  Plaintiff filed an Amended Complaint on January 24, 2014 without written consent from Defendants or leave of this Court.  (ECF No. 17).  The Amended Complaint

1

eliminated Count III for wrongful termination against the corporate defendants, and added a new Count III for retaliation against Unilife Corporation.

## II. ANALYSIS

A complaint may be amended as of right within 21 days of service of the responsive pleading, or 21 days after service of a motion under Rule 12 "whichever is earlier." Fed.R.Civ.P. 15(a)(1). Prior to the 2009 Rule amendments, plaintiffs could amend as a matter of course until a responsive pleading was served. 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1483 (3d ed.). Under the previous version of Rule 15, "[w]here some but not all defendants have answered, plaintiff may amend as of course claims asserted solely against the non-answering defendants, ..." 3 Moore's Federal Practice ¶ 15.07[2] at 15–53 (2d ed. 1982). But the 2009 Amendments eliminated the distinction between motions to dismiss and responsive pleadings.

Plaintiff's Amended Complaint was filed within 21 days of service of the corporate defendants' responsive pleading. But, the Amended Complaint was not served within 21 days of the corporate defendants' Motion to Dismiss Count III. Rule 15(a)(1) allows amendment as a matter of course 21 days after either the motion to dismiss or the responsive pleading, "whichever is earlier." Fed.R.Civ.P. 15(a)(1)(B). Although Defendants only moved to dismiss one of the many counts of the Complaint, but it was "a motion under Rule 12(b)" which triggers the time to file an amended complaint as of right under Rule 15(a)(1)(B). Accordingly, Plaintiff had 21 days to amend his complaint from the date of Defendants' motion to dismiss on November 8, 2013.

Under Rule 15(a)(2) party may amend with the opposing party's written consent or leave of the court. It does not appear that Defendants oppose Plaintiff's amended complaint, so this matter might be resolved if Plaintiff seeks Defendants' written consent.

## II.     CONCLUSION

Plaintiff may not amend his complaint as a matter of course under Rule 15(a)(1)(B) because it was filed more than 21 days after the corporate Defendants served their motion to dismiss. Plaintiff should seek agreement from opposing counsel or file a motion.

O:\CIVIL 13\13-5101 smith v. unilife corp\13cv5101.amended.complaint.memo.docx