IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TALBOT TODD SMITH | CIVIL ACTION |
| v. | NO. 13-5101 |
| UNILIFE CORPORATION, et al. | |

MEMORANDUM

**Baylson, J.**                                                                                           **October 2, 2014**

In this highly contentious suit by a former employee of defendant Unilife, characterized as a "whistle blower" complaint, plaintiff has filed a motion for leave to file a second amended supplemental complaint (ECF 73).1

The parties dispute the propriety of plaintiff adding a new Count V for retaliation, based on the defendants and/or their counsel having initiated a criminal complaint against plaintiff for violation of the Pennsylvania anti-wiretapping law.   Plaintiff contends that the criminal complaint against him was made with the intention of retaliating against him for bringing claims under the federal laws which are the basis of the original complaint.   Defendant asserts *inter alia* the amendment would be futile.

The parties have extensively briefed the limited decisions that have been rendered under the Sarbanes Oxley Act of 2002, 18 U.S.C. § 1514A and Dodd Frank, , 15 U.S.C. § 780 *et seq.*, the two statutes that provide the underlying federal basis of plaintiff's claims.   In reviewing these briefs, it is obvious that there are differences of opinion in the few reported decisions, but most

---

1 The request to add an exhibit and a paragraph to supplement an allegation in the prior complaint is not opposed and the plaintiff has withdrawn a request to amend as to a proposed Count VI so it can first pursue administrative exhaustion.

importantly, there is no definitive judicial holding by a federal court, as opposed to an administrative agency, construing the statutes as to whether they should be read with or without limitations, or whether they should be construed strictly or broadly. This Memorandum will not set forth the extensive background of the dispute between the parties, which has been thoroughly discussed in various pretrial conferences and briefs by the very able counsel for both parties in this case.

Plaintiff does have some support in his position by virtue of the Supreme Court's position of *Lawson v. FMR*, 134 S. Ct. 1158 (2014), which does at least impliedly reject a strict reading of the Sarbanes Oxley statute as urged by defendant. However, the language in the statute, that lawsuits under the statute are limited to the "terms and conditions of employment" may argue in favor of defendant because the subject matter of Count V did not arise until two years after plaintiff had been terminated as an employee. However, as plaintiff argues, the governing language is not limited to present employees and could be read to cover post-termination conduct by the former employer if the plaintiff can show it was designed to punish the past employee or perhaps to intimidate current employees. See 15 U.S.C. § 78u-6(b)(91)(H). A motion to amend the complaint is not an appropriate vehicle to rule on this novel issue.

Without any definitive appellate guidance on the issue presented, the Court believes that the better course of action, consistent with the well-settled doctrine that courts should be liberal in allowing amendments to complaints, would be to allow plaintiff to file the second supplemental amended complaint with Count V (and the other unopposed change). This will not result in any additional discovery.

An appropriate Order follows.

O:\CIVIL 13\13-5101 smith v. unilife corp\13cv5101.memo.10.2.14.docx