IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TALBOT TODD SMITH** <br><br> v. <br><br> **UNILIFE CORPORATION, et al.** | **CIVIL ACTION** <br><br> **NO. 13-5101** |

Baylson, J.                                                                                       November 24, 2014

## MEMORANDUM AND ORDER RE THIRD PARTY SUBPOENA

In this contentious "whistleblower" action arising under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, and the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6, defendant and counter-plaintiff Dr. Ramin Mojdeh has moved to quash or for entry of a Protective Order with regard to a third party subpoena issued by plaintiff to Becton, Dickinson & Company ("BD") (ECF No. 117).

The background of this case has been set forth in prior opinions regarding plaintiff's amendment of his complaint, Smith v. Unilife Corp., No. 13-5101, 2014 WL 443114 (E.D. Pa. Feb. 4, 2014) (ECF No. 18), and plaintiff's motion for contempt and to amend the Protective Order, Smith v. Unilife Corp., No. 13-5101, 2014 WL 6070697 (E.D. Pa. Nov. 13, 2014) (ECF No. 115). Plaintiff, a former employee of defendant Unilife Corporation, alleges discriminatory and retaliatory termination by defendants because of plaintiff's opposition to, and protected disclosures relating to, alleged shareholder fraud and Unilife's failure to comply with certain Food and Drug Administration requirements.

There has been extensive discovery in this case with document production and numerous depositions, which are coming to a close. Dr. Mojdeh formerly worked for BD. On October 13, 2014, plaintiff served a subpoena *duces tecum* under Fed. R. Civ. P. 45 on BD requesting

documents relating to the circumstances of Dr. Mojdeh's departure from BD.  <u>See</u> ECF 117, Ex. A.  Defendant's motion to quash or for a Protective Order seeks to preclude production by BD of certain documents subpoenaed by plaintiff, in particular a "Separation Agreement and Release" dated February 17, 2010, and certain documents concerning Dr. Mojdeh's compensation when departing from BD.  Plaintiff filed a response contending the documents sought were relevant to Dr. Mojdeh's credibility because plaintiff had asked Dr. Mojdeh at his deposition about his departure from BD (ECF No. 119).  Defendant filed a reply (ECF No. 121).

The Court reviewed the briefs and held a recorded hearing by telephone on November 21, 2014.

Although the detailed briefs of the parties make a number of arguments both in favor of and against enforcement of the subpoena, the Court finds that the documents plaintiff seeks from BD, several of which have been produced *in camera*, are not proper discovery in this case.  In <u>Boeynaems v. LA Fitness International, LLC</u>, 285 F.R.D. 331, 333 (E.D. Pa. 2012), this Court adopted the use of a "fence" metaphor to determine whether certain discovery should be allowed as within the "fence" of appropriate fact gathering in a particular case.  The "fence" should aim to be fair and flexible, and each party can and should conduct its own investigation of matters inside and outside the "fence," which may warrant a change to the fence boundaries.  <u>Id.</u>[1]

In this case, the Court believes that the "fence" should be confined to plaintiff's and defendant's relationships with Unilife Corporation.  Plaintiff alleges that he began working at Unilife on September 19, 2011, and he was terminated effective August 31, 2012.  Dr. Mojdeh's prior employment with BD has no relevance whatsoever to Plaintiff's allegations in this case, since

---

1 In the case <u>In re Domestic Drywall Antitrust Litigation</u>, MDL No. 2437, 300 F.R.D. 234, 239 (E.D. Pa. 2014), the Court detailed the appropriate process for compliance with subpoenas directed to third parties under Fed. R. Civ. P. 45.

2

Dr. Mojdeh worked at BD prior to plaintiff's employment with Unilife. Indeed, the Severance Agreement between BD and Dr. Mojdeh is dated February 17, 2010, which is approximately 1.5 years before plaintiff started working at Unilife. Moreover, production of documents by BD is potentially highly prejudicial to defendants because plaintiff alleges that Dr. Mojdeh was terminated from BD because of an ethics complaint and/or sexual harassment. There is no firsthand evidence in the record that these allegations are true, and they have nothing to do with plaintiff's allegations against the defendants in this case, which focus on what occurred during plaintiff's employment with and termination from Unilife.[2]

As the Court noted during the argument, plaintiff would be under an impossible burden of persuasion to show that the evidence sought from BD is relevant and admissible under either Fed. R. Evid. 402 or for a limited purpose under Fed. R. Evid. 404(b). Indeed, this evidence would be excluded under Fed. R. Evid. 403 as collateral to the issues in this case.

The Court notes that plaintiff's allegations are inflammatory and agrees with defense counsel that they should be stricken and not referred to again in this case. However, the Court finds, having reviewed the Severance Agreement *in camera*, that even though the motion for a Protective Order will be granted, and the document will not be produced at this time, the Severance Agreement does contain one sentence characterizing Dr. Mojdeh's departure from BD. The Court will retain the document because of plaintiff's suggestion that Dr. Mojdeh did not testify credibly on this point at his deposition. The credibility of all the witnesses in this case should be within the "fence" described above. Having made this reference, the Court is not necessarily

---

2 Whether the test for discovery is "relevance," related to the "issues," or "it is reasonably calculated to lead to the discovery of admissible evidence"—all of which phrases have been used in Fed. R. Civ. P. 26 over the years—or a proposed amendment to Rule 26 now pending before the Supreme Court, the Court finds that regardless of the standard, the discovery sought in this subpoena is not proper.

3

going to admit this evidence at trial unless plaintiff can show prejudice.

For these reasons, it is **ORDERED** that the Motion to Quash is **DENIED** as untimely and the Motion for Protective Order is **GRANTED** as to discovery of BD.

                                          **BY THE COURT:**

                                          /s/ Michael M. Baylson

                                          _____

                                          **MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 13\13-5101 smith v. unilife corp\13cv5101.memo.order.11.24.14.docx