IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TALBOT TODD SMITH | CIVIL ACTION |
| v. | NO. 13-5101 |
| UNILIFE CORPORATION, et al. | |

Baylson, J. December 11, 2014

**MEMORANDUM RE MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

In this contentious "whistleblower" action arising under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, and the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6, Plaintiff has moved (ECF No. 85) to dismiss with prejudice Defendants' counterclaims alleging Plaintiff (1) violated the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. Ann. § 5701 *et seq.* (the "Wiretapping Act") and (2) tortiously invaded the privacy interests of Defendant Dr. Ramin Mojdeh.

**I.  Factual and Procedural Background**

The counterclaims arise from a June 21, 2012, recording made by Plaintiff of a conversation between Plaintiff and Dr. Mojdeh in a private office at the Unilife premises. The recording allegedly occurred without Dr. Mojdeh's knowledge or consent, and Defendants initiated a state criminal proceeding against Plaintiff for violation of the Wiretapping Act.

The background of this case has been set forth in prior opinions regarding Plaintiff's amendment of his complaint, Smith v. Unilife Corp., No. 13-5101, 2014 WL 443114 (E.D. Pa. Feb. 4, 2014) (ECF No. 18), Plaintiff's motion for contempt and to amend the Protective Order, Smith v. Unilife Corp., No. 13-5101, 2014 WL 6070697 (E.D. Pa. Nov. 13, 2014) (ECF No. 115), and Defendants' motion to quash a third party subpoena, Smith v. Unilife Corp., No. 13-5101,

1

2014 WL 6676738 (E.D. Pa. Nov. 24, 2014) (ECF No. 123).  Plaintiff, a former employee of Defendant Unilife Medical Solutions, Inc. (together with Defendant Unilife Corporation, the "Unilife Defendants"), alleges discriminatory and retaliatory termination by Defendants because of Plaintiff's opposition to, and protected disclosures relating to, alleged shareholder fraud and Unilife's failure to comply with certain Food and Drug Administration requirements.

On June 20, 2014, Defendants moved to file an amended answer to assert counterclaims against Plaintiff for violation of the Wiretapping Act and tortious invasion of Dr. Mojdeh's privacy (ECF No. 54).   Plaintiff did not oppose Defendants' motion.   On July 28, 2014, the Court granted Defendants' unopposed motion to amend (ECF No. 68).

On September 26, 2014, Plaintiff moved to dismiss Defendants' counterclaims with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (ECF No. 85).  Plaintiff contends Defendants have pleaded insufficient facts to state a claim under the Wiretapping Act because (i) under Commonwealth v. Spence, 91 A.3d 44, 47 (Pa. 2014), a cell phone is not a "device" for purposes of the Wiretapping Act; (ii) there was no "oral communication" under the Wiretapping Act because Defendants lacked a justifiable expectation of privacy in the conversation; and (iii) the Unilife Defendants have no claim because only individuals, not corporations, can have the reasonable expectation of privacy required under the Wiretapping Act. Plaintiff also argues Defendants failed to state a claim for tortious invasion of privacy because no one other than Plaintiff ever heard the recording Plaintiff made of the conversation with Dr. Mojdeh.  Defendants opposed Plaintiffs' motion (ECF No. 96), contending their pleading was sufficient to state both claims.  Plaintiffs replied (ECF No. 102), and Defendants submitted a sur-reply (ECF No. 108).

2

## II.  Analysis

**A.  Motion to Dismiss Standard**

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable" to the claimant.  Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Plaintiff contends Defendants' counterclaims fail this pleading standard because they are conclusory.  Plaintiff cites Thomas v. Thomas, No. 11-2336, 2012 WL 4895117, at *4-6 (M.D. Pa. Oct. 15, 2012), aff'd 529 F. App'x 181 (3d Cir. 2013), cert. denied, 134 S. Ct. 965 (2014), in which the court granted a motion to dismiss claims under the Wiretapping Act for failure to allege sufficient facts regarding the alleged attempted interceptions.  But Thomas is distinguishable because the complaint in that case failed to allege that plaintiff made any oral communications and failed to allege sufficient facts as to when the alleged attempted interceptions occurred.  Thomas, 2012 WL 4895117, at *4-6.  By contrast, Defendants allege Dr. Mojdeh made oral communications during the conversation with Plaintiff, which took place on June 21, 2012, in a private office at the Unilife premises, and which Plaintiff recorded using the "voice memo" application on Plaintiff's iPhone.  See ECF No. 54, Ex. A, Defs.' Countercl. ¶¶ 10-15.  Defendants contend Plaintiff never advised Dr. Mojdeh or any other Defendant that Plaintiff intended to intercept the conversation or asked permission to intercept or record the conversation.  Id. at ¶ 13.  Moreover, Defendants allege Plaintiff admitted these facts during his deposition.  Id.

¶ 14.   Accordingly, Defendants' counterclaims plead sufficient facts to distinguish this case from Thomas and to state more than conclusory allegations.

**B.  Violation of the Wiretapping Act**

Plaintiff contends Defendants have not pleaded sufficient facts to state a violation of the Wiretapping Act.  That statute provides that that "[a]ny person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication . . . ."   18 Pa. Cons. Stat. Ann. § 5725(a).

To establish a prima face case under the Wiretapping Act for interception of an oral communication, a claimant must demonstrate that:   (1) he engaged in a communication; (2) he possessed an expectation that the communication would not be intercepted; (3) his expectation was justifiable under the circumstances; and (4) the other party attempted to, or successfully intercepted the conversation, or encouraged another to do so.  Kelly v. Borough of Carlisle, 622 F.3d 248, 257 (3d Cir. 2010) (citing Agnew v. Dupler, 717 A.2d 519, 522 (Pa. 1998)).   There is no dispute about the first and fourth elements—Defendants have adequately pleaded that Dr. Mojdeh engaged in a communication and Plaintiff intercepted the conversation.

**1. Is a Cell Phone a "Device" under the Wiretapping Act?**

Plaintiff contends a cell phone is not a "device" for purposes of the Wiretapping Act.   The statute defines "intercept" as "the acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device."   18 Pa. Cons. Stat. Ann. § 5702.   "Electronic, mechanical or other device" is defined as "[a]ny device or apparatus . . . that can be used to intercept a wire, electronic, or oral communication other

4

than . . . (1) Any telephone . . . or any component thereof, furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business . . . ." Id.

In Commonwealth v. Spence, 91 A.3d 44 (Pa. 2014), the Pennsylvania Supreme Court confronted the question whether a cell phone constituted a "device" under the Wiretapping Act. The case involved a motion to suppress evidence obtained when a state trooper used the speaker function on an informant's cell phone to listen to the informant arrange a drug transaction. Spence, 91 A.3d at 45.  Relying on the plain language of the statute, which states that telephones are exempt from the definition of device, the court held "that a state trooper does not violate the [Wiretapping Act] when he listens through the speaker on an informant's cellular telephone as the informant arranges a drug deal."  Id. at 47.

The parties dispute the import of the holding in Spence.  Plaintiff asserts Spence held broadly that the Wiretapping Act does not apply to any use of a cell phone, no matter how that phone is used.  Plaintiff argues the Spence court rejected the lower court's statement "that only **certain uses** of a telephone may exempt the telephone from being considered a device" as contrary to the plain language of the statute.  See id. (emphasis in original).  However, Defendants contend Spence is distinguishable because Plaintiff used the "voice memo" application on Plaintiff's smartphone to record the conversation with Dr. Mojdeh, not the smartphone's cellular telephone service.  See Riley v. California, 134 S. Ct. 2473, 2489 (2014) ("The term 'cell phone' is itself misleading shorthand; many of these devices are in fact minicomputers that also happen to have the capacity to be used as a telephone.").  Defendants argue the holding in Spence is narrow. Because the state trooper intercepted the conversation through the use of what is usually a

5

telephone feature—the hands-free speaker—on a cell phone, the Wiretapping Act was not violated. In this case, however, the question is whether the use of a "voice memo" feature (similar to what was commonly called in pre-digital days as "tape recorder"), together with a hands-free speaker, is controlled by Spence.

Construing the complaint in the light most favorable to Defendants, there is ground to question whether the holding in Spence would apply to the use of a non-telephone application contained on a smartphone to intercept a conversation. Moreover, given the ongoing state criminal proceeding against Plaintiff and the role of Pennsylvania courts as final arbiter of the Commonwealth's statutes, it would be inadvisable for this Court to make any definitive ruling at this time on the impact of Spence on Defendants' counterclaims in this case.

**2. Did Dr. Mojdeh Have a Reasonable Expectation of Privacy in the Conversation?**

Plaintiff next argues Defendants failed to plead sufficient facts to show that Dr. Mojdeh had a reasonable expectation of privacy in the conversation with Plaintiff. An "oral communication" under the Wiretapping Act is "[a]ny oral communication uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 Pa. Cons. Stat. Ann. § 5702. "[O]ne one cannot have an expectation of non-interception absent a finding of a reasonable expectation of privacy." Agnew, 717 A.2d at 523. To determine whether a claimant has a reasonable expectation of privacy, a court must examine whether the claimant exhibited an expectation of privacy in the contents of the communication and whether that expectation is one society is prepared to recognize as reasonable. Id.

Plaintiff contends Dr. Mojdeh lacked a reasonable expectation of privacy because he

6

questioned Plaintiff about business subjects relating to an anonymous complaint filed with the Unilife Board of Directors in which Dr. Mojdeh's name appears repeatedly and which the Unilife Board was obligated by law to investigate. Plaintiff alleges the conversation did not relate to Dr. Mojdeh's private affairs, and Dr. Mojdeh should have expected anything he said about the matter might become public. Defendant contends Dr. Mojdeh demonstrated he expected the conversation would remain private, that the Wiretapping Act does not exclude business conversations, and that the cases relied on by Plaintiff show a determination of whether there was a reasonable expectation of privacy can only be made after the pleading stage.

In Agnew, the Pennsylvania Supreme Court held that a police officer had no reasonable expectation of privacy in conversations that took place in a squadroom, with other officers present, which were monitored by the police chief through an intercom system. Agnew, 717 A.2d at 524. In Kelly, the Third Circuit vacated a grant of summary judgment in favor of a police officer who had arrested a suspect for filming the officer during a traffic stop. Kelly, 622 F.3d at 257-58. The court held that because police officers do not have a reasonable expectation of privacy in conversations with suspects under Pennsylvania law, the lower court should not have granted qualified immunity to the officer on plaintiff's Fourth Amendment claims. Id. at 257-58; see also Commonwealth v. Henlen, 564 A.2d 905, 906-07 (Pa. 1989) (holding a police officer had no claim under the Wiretapping Act against a criminal suspect who surreptitiously recorded an interrogation conducted by the officer because police interrogations are generally recorded by police, the officer took notes, and the officer allowed a third party to be present).

Here, construing the complaint in a light most favorable to Defendants, Defendants have pleaded sufficient facts to allege Dr. Mojdeh had a reasonable expectation of privacy in the

conversation with Plaintiff. Defendants allege the conversation occurred in a private office at the Unilife premises, and only Plaintiff and Dr. Mojdeh were present.[1] See ECF No. 54, Ex. A, Defs.' Countercl. ¶¶ 10, 12. These factual allegations distinguish this case from Agnew, in which the conversation took place in a squadroom with others present, and Henlen, in which the officer allowed a third party to be present for the interrogation, and provide a basis for inferring Dr. Mojdeh intended to keep the conversation private. Furthermore, Defendants contend Dr. Mojdeh spoke to Plaintiff on behalf of himself and the other Defendants in his role as Chief Operating Officer of Unilife Corporation. See id. ¶ 15. Dr. Mojdeh was not a police officer speaking to a suspect as in Kelly or Henlen—he was a corporate executive speaking to an employee of the same company in a private office on the premises of that company with no other parties present.

The Court also finds no basis in the Wiretapping Act for excluding business conversations from the Act's scope. The Act, by its terms, defines "person" to include "any individual, partnership, association, joint stock company, trust, or corporation." 18 Pa. Cons. Stat. Ann. § 5702.

Accordingly, Defendants pleaded sufficient facts to show that Dr. Mojdeh had a reasonable expectation of privacy in the conversation with Plaintiff.

### 3. Do the Unilife Defendants Have a Claim Under the Wiretapping Act?

Plaintiff argues the counterclaim as brought by the Unilife Defendants should be dismissed because privacy rights only belong to individual persons, so the Unilife Defendants cannot have the reasonable expectation of privacy required to bring a claim under the Wiretapping Act.

---

[1] Although Defendants have attached a transcript of the conversation between Plaintiff and Dr. Mojdeh's as evidence Dr. Mojdeh regarded the conversation as private, the Court considers only the counterclaims filed by Defendants under Rule 12(b)(6), which plead sufficient facts to show Dr. Mojdeh had a reasonable expectation of privacy in the conversation.

However, as noted, the Wiretapping Act defines "person" to include corporations, and the cause of action under § 5725(a) is given to "[a]ny person" whose communications have been intercepted. See id. §§ 5702, 5725(a). Plaintiff is incorrect that corporations cannot have privacy rights in certain circumstances. See Dow Chem. Co. v. United States, 476 U.S. 227, 236 (1986) ("Dow plainly has a reasonable, legitimate, and objective expectation of privacy within the interior of its covered buildings, and it is equally clear that expectation is one society is prepared to observe."). Moreover, Defendants have alleged that Dr. Mojdeh spoke with Plaintiff on behalf of himself and Unilife as Chief Operating Officer, and that that the conversation related to the ethics complaint and other non-public business issues. See ECF No. 54, Ex. A, Defs.' Countercl. ¶ 15. Accordingly, the Unilife Defendants have pleaded sufficient facts to state a claim under the Wiretapping Act.

**C. Invasion of Privacy**

Plaintiff also contends Dr. Mojdeh failed to plead sufficient facts to state a tortious invasion of privacy claim. Pennsylvania recognizes a cause of action for intrusion upon seclusion. Marks v. Bell Tel. Co. of Pa., 331 A.2d 424, 430 (Pa. 1975). Pennsylvania courts, looking to the Restatement (Second) of Torts § 652B (1977), have defined this claim as follows: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Kline v. Sec. Guards, Inc., 386 F.3d 246, 260 (3d Cir. 2004) (citing Harris v. Easton Publ'g Co., 483 A.2d 1377, 1383 (Pa. Super. Ct. 1984)).

Plaintiff contends Defendants cannot bring this claim because they have failed to allege

9

that anyone other than Plaintiff listened to the recording of the conversation between Plaintiff and Dr. Mojdeh. In Marks, an attorney sued after the telephone recording system at a police station recorded his conversation with a client held in custody. The Pennsylvania Supreme Court held that the attorney had not established a cause of action for intrusion upon seclusion because there was no evidence anyone ever heard the recording. Marks, 331 A.2d at 431. The court noted that "a basic element" of the tort "is the intentional overhearing by one not intended to be a party to the communication of the contents of a private communication." Id.

However, the police in Marks reused tapes each month, so the recording at issue had already been erased. Id. Accordingly, the evidence did not show "that appellant's private conversation [was] heard by any human ear or that there is some potential they will be heard in the future." Id. By contrast, Plaintiff preserved a digital recording of his conversation with Dr. Mojdeh that still exists. Although only Plaintiff has admitted to listening to a portion of the recording and there is no evidence a third party has been given the recording, the potential still exists as long as the recording exists. Moreover, Defendant is entitled to develop evidence as to whether Plaintiff may have shared the recording with a third party despite Plaintiff's representation that Plaintiff did not do so. Therefore, construing the counterclaims in the light most favorable to Defendants, Defendants have stated a claim for invasion of privacy.

### III. Conclusion

Because Defendants have pleaded sufficient facts to state a claim for violation of the Wiretapping Act and invasion of privacy, Plaintiff's motion to dismiss Defendants' counterclaims is denied.

An appropriate Order follows.

O:\CIVIL 13\13-5101 smith v. unilife corp\13cv5101.12.11.14.memo.MTD.Counterclaims.docx