IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TALBOT TODD SMITH | CIVIL ACTION |
|---|---|
| v. | NO. 13-5101 |
| UNILIFE CORPORATION, et al. | |

### MEMORANDUM RE: DEFENDANTS' MOTION FOR RECONSIDERATION

**Baylson, J.**                                                                                                       **January 7, 2015**

In a Memorandum and Order dated November 13, 2014 (ECF 116), the Court denied Plaintiff's motion to hold Defendants and/or defense counsel in contempt for violation of the Protective Order governing confidential information in this case. But the Court, in the exercise of its discretion, alternatively assessed attorneys' fees and costs against Defendants for their inconsistent positions on various peripheral issues involving confidential information, which in turn required Plaintiff's counsel to expend substantial time on motion practice on these issues.

Initially, the Court notes the standard governing motions for reconsideration under Federal Rule of Civil Procedure 59(e). Disagreement with the Court's ruling is not proper grounds for a motion for reconsideration. "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Pursuant to Rule 59(e), the movant must establish either: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Id. (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "Because federal courts have a strong interest in finality of

1

judgments, motions for reconsideration should be granted sparingly." Black v. Gigliotti, No. 14-2733, 2014 WL 4636345, at *1 (E.D. Pa. Sept. 11, 2014) (quoting Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

Defendants base their motion for reconsideration on the following arguments which are misplaced:

1. Defendants assert that their initial opposition to Plaintiff's attempt to amend the Protective Order to share confidential information with the attorneys representing Plaintiff in connection with his report to the SEC ("SEC counsel") was reasonable. The Court will assume *arguendo* that Defendants are correct about this. The Court is not assessing fees or costs against Defendants merely because of their initial objection to Plaintiff's request that he be allowed to reveal facts in this case to his SEC counsel. Defendants further contend that they reasonably changed their position on this issue after a hearing and upon reflection. It may have been reasonable for Defendants to change their position, but the fact remains that this was the first of a series of *inconsistent* positions taken by Defendants. For detailed reasons outlined in the prior Memorandum, which will not be repeated here, the Court imposed fees and costs for Defendants' series of position changes and strategic behavior, not for Defendants' conduct during a single incident.

2. Defendants contend that their designation of the recording as confidential and subsequent de-designation of the recording was reasonable. The Court will assume *arguendo* that Defendants' initial designation of the recording as confidential was reasonable. Nonetheless, the Court reached the conclusion that Defendants' change of position was not based on any legal principles, but rather on strategic considerations, which resulted in Plaintiff's attorneys spending

extra time responding to this second change of position by Defendants.

3. Defendants argue they did not violate the Protective Order when they provided confidential information to attorney Paul Minnich, Esquire, in Lancaster, Pennsylvania, who was apparently retained specifically by Defendants to represent them in connection with filing a criminal complaint against Plaintiff in York County, Pennsylvania. The Court did not impose attorneys' fees because Defendants reported Plaintiffs' alleged criminal conduct to law enforcement. Defendants were entitled to do that under the terms of the Protective Order. The imposition of fees and costs was because of the inconsistent positions Defendants took with regard to the Protective Order. Defendants had asserted that the Protective Order precluded Plaintiff from sharing any confidential information with Plaintiff's SEC counsel, but Defendants themselves arguably violated the Protective Order by giving the recording and deposition transcript—then designated as confidential—to Mr. Minnich and then to the police, who were not covered by the Protective Order.

Assuming *arguendo* that Mr. Minnich was covered by the Protective Order as one of Defendants' attorneys, although only retained for the sole purpose of reporting the alleged violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. Ann. § 5701 *et seq.*, the disclosure of the materials to Mr. Minnich without going through the procedural requirements of the Protective Order was inconsistent with the position that Defendants had taken with regard to Plaintiff's desire to show confidential materials to his SEC counsel.

Defendants contend the Protective Order entitled Defendants, as the party that designated the recording and transcript as confidential, to share those confidential materials with others without seeking modification of the Protective Order. Defendants argue that their sharing of

3

confidential materials with Mr. Minnich and law enforcement differed from Plaintiff's sharing of materials with his SEC counsel because in the former case Defendants sought to share their own confidential information, whereas in the latter case Plaintiff sought to share Defendants' confidential information.[1]

However, Defendants' interpretation of the Protective Order is incorrect and overlooks two key points. First, the recording and the deposition transcript were not Defendants' materials, so Defendants cannot claim that the Protective Order "cannot reasonably be construed as limiting a party who has designated its own information as confidential from sharing that information with its agents." See ECF No. 137, Defs.' Reply Memo. Second, Defendants fail to note that Plaintiff agreed with Defendants that the recording was confidential and also designated portions of the deposition transcript as confidential. See ECF 86, Hr'g Tr., 13:19-14:4, 16:22-17:17, Sept. 9, 2014. The Protective Order cannot be interpreted to mean that the party who wins the race to designate a document as confidential—even if the other party agrees the document is confidential—is thereafter empowered to unilaterally decide to share that document with anyone without providing notice and giving the other party an opportunity to designate the document as confidential.

The Court emphasizes that the award of attorneys' fees and costs reflects Defendants' pattern of inconsistent positions and strategic behavior regarding the scope of the Protective Order,

---

1 Paragraph 9 of the Protective Order provides:

> No one who has access to Confidential Information . . . shall distribute, disclose, divulge, publish or otherwise make available any Confidential Information . . . or disclose the subject matter of Confidential Information to any other person, except persons who are also authorized to view or have access to Confidential Information under the terms of this Order, unless such persons have first obtained leave of the Court or the consent of the designating Party to disclose such Confidential Information.

See ECF 63, ¶ 9.

4

not Defendants' conduct regarding an individual incident or a single change of position.

Furthermore, the Court repeats that it denied Plaintiff's motion for contempt. The Court did not criticize counsel or designate the award of attorneys' fees as a sanction. Nor did the Court assess the fees and costs against counsel. In fact, the Court's opinion compliments both counsel in this case for their tenacity and their outstanding efforts on behalf of their clients.

The Court will not specify exactly what motions or briefs are covered by the November 13, 2014 Order at this time. Plaintiff shall file his requested amount of fees and costs by designating the specific activities which Plaintiff asserts are covered by the November 13, 2014 Order, and Defendants may respond. There need not be lengthy briefing or argument. The Court will determine which activities of Plaintiff's counsel are properly covered by the November 13, 2014 Order. The Court will not comment further on the exchange of correspondence following the briefs on this issue.

For all of the above reasons, the Motion for Reconsideration will be denied.

An appropriate Order follows.

O:\CIVIL 13\13-5101 smith v. unilife corp\13cv5101.memo.mot.reconsider.docx