IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TALBOT TODD SMITH | CIVIL ACTION |
|---|---|
| v. | NO. 13-5101 |
| UNILIFE CORPORATION, et al. | |

MEMORANDUM AND ORDER
RE AWARD OF ATTORNEYS' FEES TO PLAINTIFF

**Baylson, J.**                                                                                                     **April 6, 2015**

Following up on this Court's Memorandum and Orders dated November 13, 2014 (ECF 115 & 116) and January 7, 2015 (ECF 143 & 144), the Court has reviewed plaintiff's application for attorneys' fees (ECF 147), defendants' response (ECF 157), and plaintiff's reply (ECF 162). The Court notes there is no dispute about the requested hourly rates for plaintiff's two attorneys and two paralegals. There are several disputes relating to defendants' filings concerning plaintiff's recording of a meeting between plaintiff and Dr. Ramin Mojdeh, one of the defendants, which has been discussed in prior Memoranda. The only dispute which merits discussion relates to an "Emergency Motion" filed by defendants on June 6, 2014, and the fees charged by plaintiff's counsel for drafting a response, drafting a sur-reply, and preparing and attending a June 18, 2014, Court conference concerning this recording.

The Court will not penalize defendants for taking their initial position that plaintiff's recording of Dr. Mojdeh without his consent violated Pennsylvania law. Previous Memoranda have addressed the legal status of the recording and the Court's position on this issue. The legal status of the recording is now part of the pleadings and has been briefed as part of defendants' motions for dispositive relief. If this case proceeds to trial, the recording and its legal status will certainly be an issue. Accordingly, plaintiff may not recover attorneys' fees for responding to

defendants' initial briefing on the issue of the recording.  Counsel had discussed how this recording should be treated, and defendants' motion was filed after counsel could not agree.  The briefing and Court appearance on June 18, 2014, was the first airing of this dispute before the Court, not a change of position by defendants.  However, plaintiff may recover attorneys' fees for the excessive briefing and legal work that resulted from defendants' three changes of position, as discussed in the Court's November 13, 2014 Memorandum.  Accordingly, plaintiff's fee request for time entries from June 6, 2014 through June 18, 2014, totaling $9,119.00 will not be awarded, and the amount of $9,119.00 will be deducted from the total amount plaintiff seeks of $42,538.00.

The Court notes defendants' request that payment of the fee award be delayed because defendants assert they will have the right to collect attorneys' fees from plaintiff in the event dispositive motions are granted in defendants' favor.  This request will be **DENIED**.  This award is to compensate plaintiff for the excessive time that plaintiff's counsel spent on defendants' changes of position as detailed in the November 13, 2014, Memorandum and Order and is independent of any resolution of the case on the merits.

Therefore, it is hereby **ORDERED** that plaintiff's application for attorneys' fees (ECF 147) is **GRANTED** in part and **DENIED** in part, and defendants will issue a check made payable to Hardwick Benfer LLC in the amount of $33,419.00, within fourteen (14) days of the date of this Order.

BY THE COURT:

/s/ Michael M. Baylson
_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 13\13-5101 smith v. unilife corp\13cv5101.memo.order.fees.4.6.15.docx